UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DEBBIE M. CLARK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-CV-356 |
| | ) |
| **MEDTECH COLLEGE,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Before the Court is a motion by the parties seeking approval of a proposed agreed protective order. (Docket # 14)  As the proposed order is deficient in several ways, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, the proposed order's definition of "confidential" is impermissibly broad.  It allows parties to designate as "confidential," among other things, any "records containing social security numbers" and "all business and financial records of Defendant which do not constitute public records which contain proprietary information, trade secrets, confidential financial or

strategic information, or other information which could place Defendant at a competitive disadvantage if disclosed in public." (Proposed Agreed Protective Order ¶ 1.)

First, the definition of confidential documents encompasses documents "containing" confidential information, rather than solely including the actual confidential material. Although paragraph 6 of the order incorporates a method of redaction, it fails to cure the overly-broad nature of the definition as it enables any document that satisfies the earlier definition of confidential to be filed under seal. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document)

Also, the "non-public" descriptor in the proposed order is inadequate. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Cook*, 206 F.R.D. at 248-49. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*

Furthermore, the descriptors used in the definition of confidential documents—"proprietary," "confidential," "financial," "strategic," or "information which could

place Defendant at a competitive disadvantage if disclosed"—are rather circular and vague. As a result, the Court is not satisfied that the parties know what information constitutes protected "confidential documents." *See Cincinnati Insurance*, 178 F.3d at 946.

Moreover, paragraph 10 of the proposed order states that it "shall survive the final termination of this litigation. . . ." The Court is unwilling to enter a protective order that suggests that the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. "What happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a "[protective] order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003). For these reasons, the Court hereby DENIES Defendant's motion for file agreed

protective order (Docket # 14).  Of course, the parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

    SO ORDERED.

    Enter for this 29th day of November, 2012.

                                     S/ Roger B. Cosbey
                                     Roger B. Cosbey,
                                     United States Magistrate Judge